UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIKA RODRIGUEZ-ALVAREZ (A# 215-708-340),

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03224 DJC SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner, who was a federal immigration detainee at the time she initiated this action, is proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the action to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1). ECF No. 6.

On August 18, 2026, the undersigned issued findings and recommendations that the petition be granted on its sole due process claim and that Respondent be ordered to provide Petitioner with a bond hearing on account of her prolonged detention. ECF No. 21. The undersigned separately lifted the "no-transfer" order because Petitioner was within the 90-day removal period under 8 U.S.C. § 1231(a)(1)-(2) by virtue of the expiration of the 30-day deadline to appeal her removal order to the BIA. Id. at 12.

Both parties filed objections to the findings and recommendations. Petitioner filed

objections containing additional evidence to support her request for release as opposed to a bond hearing. ECF Nos. 22. Respondent's objections notified the Court that the Board of Immigration Appeals ("BIA") accepted Petitioner's late appeal, which reverted her detention back to 8 U.S.C. § 1226(a). ECF No. 25. Petitioner replied to Respondent's objections with more evidence form her immigration proceedings to bolster her argument for release. ECF No. 26.

On August 31, 2026, after learning through Petitioner's Executive Office of Immigration Review ("EOIR") Case Information Page that the BIA dismissed her appeal on August 28, 2026, the undersigned granted the parties seven days to "file simultaneous briefs addressing the current detention authority, as well as any change in circumstances (e.g., petitions for review or motions to reopen) that could potentially change that detention authority over the next 90 days." ECF No. 29. In response, Respondent filed a motion to dismiss on grounds that Petitioner was removed to Honduras on September 4, 2026. ECF No. 30. Petitioner did not file a response.

Based on the records submitted with Respondent's motion to dismiss, Petitioner was removed from the United States on September 4, 2026, out of the Alexanderia International Airport in Louisiana. ECF No. 30-1. Petitioner's removal moots her challenge to her immigration detention. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that since petitioner's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order… [h]is petition was… moot by his removal"). As a result, the undersigned recommends granting Respondent's motion to dismiss the § 2241 petition.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations dated August 18, 2026 (ECF No. 21), are VACATED.

In addition, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 30) be GRANTED.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DISMISSED.

3. Petitioner's emergency request for immediate release (ECF No. 14) and Respondent's motion to dismiss (ECF No. 17) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE